PAUL BATISTA, P.C.
Attorney-at-Law
26 Broadway – Suite 1900
New York, New York 10004
(631) 377-0111

e-mail: Batista007@aol.com

> APPLICATION GRANTED
> SO ORDERED /s/ Vernon Broderick
> VERNON S. BRODERICK
> U.S.D.J.
>
> The time for Plaintiffs to complete service is hereby extended to September 12, 2024.
>
> Dated: August 7, 2024

August 6, 2024

VIA ECF
Hon. Vernon S. Broderick
United States District Judge for the
   Southern District of New York
United States Courthouse
40 Foley Street
New York, New York 10007

Re: **Frank Corsini, et al. v. Dentons US LLP, et al., 1:24-cv-03196 (VSB)**

Dear Judge Broderick:

I represent plaintiffs Frank Corsini, Liberty-CITIC Energy Cayman Ltd. and Liberty ECO Energy LLC.

I write in response to the Order dated July 31, 2024 and the related text order stating: "[I]t is hereby ORDERED that, no later than August 6, 2024, [p]laintiffs shall submit a letter of no more than three (3) pages, supported by legal authority, demonstrating good cause as to why [d]efendants who have not yet been served should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m)."

This letter constitutes the response required by the July 31, 2024 Order, together with a request for a 35-day extension of the time in which to serve defendants who have not appeared.

   (i)   *Good Cause: Hospitalization of Plaintiffs' Counsel*

At the outset, I note that I have served as a Member of the Bar of this Court since March 1975 – a period approaching 50 years – and have never had to address the issue appropriately articulated by Your Honor. I have been counsel in many cases involving multiple plaintiffs and defendants in the course of those years, without once encountering the difficulties of service which have arisen here.

One of the fundamental sources of delay – and I am reluctant to place this on the public record for reasons of personal privacy – is that on June 3, 2024, I was struck by a motorized scooter driven by a delivery person while I was walking on a sidewalk in Manhattan. The strike by the motorized scooter opened a deep gash in my lower left leg (I am a combat veteran of the Vietnam War and never sustained such a serious injury), and I was immediately admitted to New York Presbyterian Hospital. Because the wound to my leg resulted in immediate and serious infections, I had to spend many days as an in-patient at the hospital, continuously receiving IV drips of a wide variety of antibiotics to address the complex infection issues.

As a result of my injury, the hospitalization, and the long process of my recovery from both the physical wound and the variety of infections, I literally was incapacitated for virtually all of the month of June and early July 2024. I am a sole practitioner with a small secretarial staff and it was very difficult – indeed, practically impossible – to keep pace, as I always have for almost half a century, with the impact of the injury and recovery on my case load and work schedule.[1]

*(ii)    Defendants' Resistance to Service of Process*

Another and independent source of "good cause" under Fed. R. Civ. P. 4(m) relates to obstacles several of the individual defendants have erected to service of process.

All of the individual defendants were partners at the firms Dentons US LLP ("Dentons") and Boies Schiller Flexner LLP ("Boies Schiller") at the times relevant to the events identified in the Complaint. Both of the law firms have been served and appeared and are required to file

---

[1] The illness of the plaintiff's attorney was determined to constitute "good cause" in *Le Master* v. *City of Winnemucca*, 113 F.R.D. 37 (D. Nev. 1986).

responsive pleadings by September 30, 2024. After filing the Complaint, I was advised that, with exception of Edward J. Reich of Dentons, it appeared that all of the individual defendants had left Dentons and Boies Schiller in the wake of the events relevant to the Complaint.

I have regularly utilized United Process Service ("United") to serve complaints. United has consistently reported to me that it has been unable to locate the present whereabouts of the former Dentons and Boies Schiller partners who have left those firms.

In the event the Court grants the extension for service requested by this letter, we are engaging a private investigation firm to locate the individual defendants who have yet to be served. *See, e.g.*, *De Francis* v. *Bush*, 859 F. Supp. 1022 (E.D. Tex., 1994) (good cause found in matter involving "roving" defendant); *Goodstein* v. *Bombardier Capital, Inc.*, 167 F.R.D. 662 (D. Vt., 1996).

## Conclusion

For the foregoing reasons, plaintiffs respectfully request that the Court (i) find good cause within the meaning of Rule 41(m) for an extension of the period in which to effectuate service and (ii) extend by 35 days the period in which to serve the as yet unserved individual defendants.

Respectfully submitted,

Paul Batista

cc: All Counsel of Record

CLERK OF THE COURT