**PAUL BATISTA, P.C.**
**Attorney-at-Law**
**26 Broadway – Suite 1900**
**New York, New York 10004**
**(631) 377-0111**

e-mail: Batista007@aol.com                                                Facsimile: (212) 344-7677

September 24, 2024

VIA ECF
Hon. Vernon S. Broderick
United States District Judge for the
    Southern District of New York
United States Courthouse
40 Foley Street
New York, New York 10007

Re:    **Frank Corsini v. Dentons US LLP,**
         ***et al.*, 1:24-cv-03196 (VSB)**

Dear Judge Broderick:

I represent plaintiffs Frank Corsini, Liberty-CITIC Energy Cayman Ltd., and Liberty ECO Energy LLC.

I write in response to Your Honor's order dated September 18, 2024, which states:

By September 24, 2024, Plaintiffs are directed to respond to Defendant's letter, including its request that I dismiss the Defendants that have not yet been served. In the interest of resolving any issues relating to service before the served Defendants need to respond to the complaint, the deadline for all Defendants to respond to the complaint is hereby extended to October 31, 2024.[1]

In the balance of this letter, I will (i) identify the full context of service and attempted service to this point and (ii) request that the Court allow service on the individual defendants who have not yet appeared through alternate procedures allowed by CPLR §308(5) and identified later in this letter. All of the individual defendants are New York lawyers.

---

[1] The letter to which the Court's order refers is the undated letter from defendant Boies Schiller Flexner LLP ("Boies Schiller").

Hon. Vernon S. Broderick
September 24, 2024
Page 2

    *(i)*      *Overall Context*

    *1.*      *The Named Defendants*

Named in the Complaint as defendants are (1) Dentons US LLP ("Dentons"), (2) Edward J. Reich ("Reich"), (3) Jeffrey S. Geron ("Geron"), (4) James M. Costan ("Costan"), (5) Boies Schiller, (6) Christopher Green ("Green"), (7) Ian Dumain ("Dumain") and (8) William Ohlemeyer ("Ohlemeyer").

These eight defendants fall into two categories. The *first* category consists of Dentons, Costan, Reich and Geron. Reich and Geron were or currently are partners of Dentons.

The *second* category includes Boies Schiller, Green, Dumain and Ohlemeyer. Defendants Green, Dumain and Ohlemeyer were, during the periods relevant to the Complaint, partners of Boies Schiller.

As soon as the Clerk's Office issued separate summonses as to each defendant, I promptly made separate arrangements through United Process Service, Inc. ("United Process"), a long-established and duly licensed agency, to serve each of the defendants.

Of the named defendants, the following have appeared (*see* PACER Docket): Dentons, Reich and Boies Schiller. Representatives of United Process Service advised me that they were not able to locate Geron, Costan, Green, Dumain and Ohlemeyer. I was informed by United Process Service that the firm had been advised that these individuals had left Dentons and Boies Schiller. United Process Service was not provided with the present locations or last known addresses or contact information as to Geron, Costan, Dumain and Ohlemeyer.

Hon. Vernon S. Broderick
September 24, 2024
Page 3

     *(ii)*     *The Current Status*

At present, defendants Dentons and Reich have appeared and are represented by Elman Freiberg PLLC.  Defendant Boies Schiller has appeared and is representing itself on a *pro se* basis.

     *(iii)*     *The Recent Boies Schiller Letter*

The undated Boies Schiller letter on which Your Honor's September 18, 2024 memorandum endorsement appears, signed by Boies Schiller partner Eric Brenner, concedes that Boies Schiller has been served and, like Dentons and Reich, will serve a responsive pleading.

The Boies Schiller letter, however, states that Boies Schiller "believe[s] it would benefit the parties and the Court if these issues [regarding the non-appearing defendants] are resolved promptly, including to continue to facilitate consistent deadlines for whatever defendants are actually parties to the case."  *See* BSF letter at 1.

Plaintiffs do not disagree with this assertion, although it is not clear why Boies Schiller would take the position that the currently non-appearing defendants, including its former partners, would assist Boies Schiller's interests or why the action as against the non-appearing defendants should be dismissed without prejudice as against the non-appearing defendants.[2]  If Boies Schiller and Dentons see fit to do so, they can implead or bring third-party complaints against the non-appearing defendants, who are their former partners.

---

[2] Moreover, plaintiffs take the position that, even if the non-appearing defendants do not appear, the case can readily and fully proceed against the appearing defendants.  Likewise, any dismissal as to the non-appearing defendants would be without prejudice.

Hon. Vernon S. Broderick
September 24, 2024
Page 4

      (iv)     *Request for Alternate Service Pursuant to CPLR §308(5)*

Plaintiffs propose that the Court authorize alternate service under CPLR §308(5) on the non-appearing defendants pursuant to the steps identified in the balance of this letter. Before identifying the specific procedures requested by plaintiffs, we wish to re-emphasize certain points:

> *First*, *all* defendants, both those who have appeared and those who have not appeared, are *lawyers* who were at the times relevant to the Complaint attorneys for Mr. Corsini and the entity plaintiffs. In other words, the served and unserved defendants owed fiduciary and ethical duties to the plaintiffs.

> *Second*, there is no reason to believe that the two major law firms which have appeared in this action would not have readily available to themselves contact information as to the location of their former partners or why they should not be compelled to cooperate by turning over that information to plaintiffs. Indeed, if in fact the Boies Schiller letter is sincere in expressing a desire promptly to "continue to facilitate consistent deadlines," the disclosure of this information would achieve that objective.

*　*　*

CPLR §308(5) is designed to enable courts to fashion methods of service which are unique in cases where traditional service methods, such as personal service, are impracticable. As the New York Court of Appeals stressed in *Dobkin* v. *Chapman*, 21 N.Y. 2d 490, 289 N.Y.S. 2d 161 (1968), the touchstone is to locate and implement a method of service calculated to effect service on a defendant as to whom traditional methods of service have proven impracticable.

In this context, plaintiffs request the following methods of obtaining service over the non-appearing defendants:

1.     **The Law Firms' Identification of Their Former Partners' Location and Contact Information:** As a practical matter, this Court should require Boies Schiller and Dentons to disclose to plaintiffs the last known addresses and contact information, such as email addresses, of their former partners. *See*, *e.g.*, *Safadjou* v. *Mohammedi*, 105 A.D. 3d 1423 (4th Dept. 2013); *Hollow* v. *Hollow*, 193 Misc. 2d 691, 747 N.Y.S. 2d 704 (Sup. Ct., Oswego County 2002).

Hon. Vernon S. Broderick
September 24, 2024
Page 5

      **2.**      **Publication in *The New York Law Journal*:**  Under the circumstances of this action, service of the summonses by publication on the non-appearing defendants in *The New York Law Journal* is a viable means of service calculated to provide notice of the pendency of the action.  As alleged in the Complaint, all of the non-appearing defendants are New York lawyers who were at one point partners in major New York law firms.  Publication will provide notice to these lawyer-defendants.  *See*, *e.g.*, *Gibbs* v. *Baldwin*, 52 Misc. 2d 268, 275 N.Y.S. 2d 861 (Sup. Ct. Suffolk Co. 1966); *Routetrader Inc.* v. *Suratel*, 77 Misc. 3d 1209(A), 177 N.Y.S. 3d 878 (Sup. Ct. N.Y. Co. 2022).

Respectfully submitted,

Paul Batista

cc:   All Counsel on Service List